NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MINCEY EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>HONORABLE JUDGE PEDRO J. JIMENEZ, JR., et al.,<br><br>Defendants. | Civil Action No. 17-1669-BRM-LHG<br><br>**MEMORANDUM OPINION** |

Before this Court is an application to proceed *in forma pauperis* filed by Plaintiff Mincey Edwards ("Plaintiff"), a prisoner[1] at the Tully House facility in Newark, New Jersey. (ECF No. 1-1.) For the reasons set forth below, Plaintiff's application to proceed *in forma pauperis* is **DENIED** without prejudice and therefore, the Complaint will not be filed.

The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, stating the prisoner is unable to pay the fee for the complaint. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate

---

[1] In his complaint, Plaintiff chiefly challenges alleged violations of his rights in his criminal conviction. Although Plaintiff does not explicitly state he is "in custody" in his Complaint, the address he provides is that of the Tully House facility, and Plaintiff in his *in forma pauperis* application states that he has been in prison for "35 months now" and remains "dependent on the Department of Corrections." (*See* ECF No. 1-1 at 5.) Therefore, it appears Plaintiff is currently in custody, albeit in a halfway house rather than in prison, and is subject to the special requirements for *in forma pauperis* applications brought by prisoners. *See Barry v. Brower*, 864 F.2d 294, 296 (3d Cir. 1988) (citing *Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (determining a habeas petitioner was "in custody" while a probationary sentence remained opened even after physical confinement ended)).

1

trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

Plaintiff failed to submit a complete *in forma pauperis* application as required by 28 U.S.C. § 1915(a)(1) and (2). Although Plaintiff provided an affidavit of indigence, he failed to provide a certified account statement from each facility in which he has been imprisoned in the past six months as required by § 1915(a)(2). Accordingly, because Plaintiff failed to provide a complete *in forma pauperis* application, his application is DENIED without prejudice and the Complaint will not be filed.

          */s/ Brian R. Martinotti*
          **HON. BRIAN R. MARTINOTTI**
          UNITED STATES DISTRICT JUDGE

Date: May 23, 2017